Liza M. Walsh
Katelyn O'Reilly
Jessica K. Formichella
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center,
100 Mulberry Street, 15th Floor
Newark, NJ 07102
(973) 757-1100

*Attorneys for Plaintiff Esperion Therapeutics, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ESPERION THERAPEUTICS, INC., | ) )  ) ) |
| Plaintiff, | ) ) |
| v. | ) ) C.A. No. 26-_____ |
| RENATA LIMITED, SOMERSET THERAPEUTICS, LLC, and SOMERSET PHARMA, LLC, | ) ) ) ) |
| Defendants. | ) ) ) |

## COMPLAINT FOR PATENT INFRINGEMENT

1.      This is an action for patent infringement by Esperion Therapeutics, Inc. ("Esperion") under the patent laws of the United States, Title 35 U.S.C. § 100 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, against Defendants Renata Limited ("Renata"), Somerset Therapeutics, LLC ("Somerset Therapeutics"), and Somerset Pharma, LLC ("Somerset Pharma") (collectively, the "Defendants"). This action arises out of Defendants' submission of Abbreviated New Drug Application ("ANDA") No. 221169 to the U.S. Food and Drug Administration ("FDA") seeking approval to manufacture and sell a generic version of NEXLIZET® prior to the expiration

1

of U.S. Patent Nos. 11,760,714, 11,613,511, 11,926,584, 11,744,816, 12,398,087, 12,404,227, and 10,912,751.

## PARTIES

2.     Plaintiff Esperion is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 3891 Ranchero Drive, Suite 150 Ann Arbor, MI 48108.

3.     Upon information and belief, Defendant Renata is a corporation organized and existing under the laws of Bangladesh, having a place of business at Plot # 1, Milk Vita Road, Section-7, Mirpur, Dhaka-1216, Bangladesh.

4.     Upon information and belief, Renata is a pharmaceutical company that engages in the manufacture, marketing, or sale of pharmaceutical products, including generic drug products manufactured and sold pursuant to approved ANDAs.

5.     Upon information and belief, Renata directly or through its affiliates markets and sells drug products throughout the United States, including in New Jersey.

6.     Upon information and belief, Renata works on the development, regulatory approval, marketing, sale, and/or distribution of pharmaceutical products for the United States market, including New Jersey.

7.     Upon information and belief, Defendant Somerset Therapeutics is a corporation organized and existing under the laws of Delaware, having a principal place of business at 300 Franklin Square Drive, Somerset, New Jersey.

8.     Upon information and belief, Somerset Therapeutics is a pharmaceutical company that engages in the manufacture, marketing, or sale of pharmaceutical products, including generic drug products manufactured and sold pursuant to approved ANDAs.

9.      Upon information and belief, Somerset Therapeutics directly or through its affiliates markets and sells drug products throughout the United States, including in New Jersey.

10.     Upon information and belief, Somerset Therapeutics works on the development, regulatory approval, marketing, sale, and/or distribution of pharmaceutical products for the United States market, including New Jersey.

11.     Upon information and belief, Defendant Somerset Pharma is a corporation organized and existing under the laws of Delaware, having a principal place of business at 300 Franklin Square Drive, Somerset, New Jersey.

12.     Upon information and belief, Somerset Pharma is a pharmaceutical company that engages in the manufacture, marketing, or sale of pharmaceutical products, including generic drug products manufactured and sold pursuant to approved ANDAs.

13.     Upon information and belief, Somerset Pharma directly or through its affiliates markets and sells drug products throughout the United States, including in New Jersey.

14.     Upon information and belief, Somerset Pharma works on the development, regulatory approval, marketing, sale, and/or distribution of pharmaceutical products for the United States market, including New Jersey.

15.     Upon information and belief, Renata prepared and submitted ANDA No. 221169 seeking approval to engage in the commercial manufacture, use, importation, offer for sale, and sale of a generic version of NEXLIZET® (the "Renata ANDA Product") prior to the expiration of U.S. Patent Nos. 11,760,714, 11,613,511, 11,926,584, 11,744,816, 12,398,087, 12,404,227, and 10,912,751.

16.     Upon information and belief, Renata developed the Renata ANDA Product.

17. Upon information and belief, Somerset Therapeutics and Somerset Pharma (collectively, "Somerset") hold the exclusive right to market and sell the Renata ANDA Product in the United States.

18. Upon information and belief, Somerset actively and knowingly caused to be submitted, assisted with, participated in, encouraged, contributed to, aided and abetted, and/or directed the preparation, submission and maintenance of ANDA No. 221169 to the FDA.

19. Upon information and belief, Defendants are seeking regulatory approval from the FDA to market and sell the Renata ANDA Product throughout the United States, including in New Jersey.

20. Upon information and belief, Defendants intend to obtain approval for ANDA No. 221169, and, in the event the FDA approves that ANDA, to commercially manufacture, use, offer for sale, sell, and/or import the Renata ANDA Product in the United States, including in New Jersey.

## JURISDICTION AND VENUE

21. This action arises under the patent laws of the United States of America, 35 U.S.C. § 100 *et seq*., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

22. This Court has personal jurisdiction over Renata because, among other things, it has committed, aided, abetted, contributed, and/or participated in an act of patent infringement under 35 U.S.C. § 271(e)(2) by preparing and filing portions of its ANDA No. 221169 in New Jersey, and intends to engage in a future course of conduct that includes acts of patent infringement under 35 U.S.C. § 271(a), (b), and/or (c) in New Jersey. These acts have led and will continue to lead to foreseeable harm and injury to Esperion. For example, upon information and belief, following approval of ANDA No. 221169, Renata, will make, use, import, sell, and/or offer for sale the

Renata ANDA Product in the United States, including in New Jersey, prior to the expiration of U.S. Patent Nos. 11,760,714, 11,613,511, 11,926,584, 11,744,816, 12,398,087, 12,404,227, and 10,912,751.

23.     This Court has personal jurisdiction over Renata because Renata, through its counsel, consented to personal jurisdiction in the District of New Jersey for purposes of this action prior to the filing of this Complaint.

24.     This Court also has personal jurisdiction over Renata because Renata has consented to personal jurisdiction, engaged in, and affirmatively availed itself of the jurisdiction of this Court in *Esperion Therapeutics, Inc. v. Renata Ltd.*, C.A. No. 2:24-cv-06017-JXN-CF which involves the same parties, the same active pharmaceutical ingredient, and U.S. Patent Nos. 11,760,714, 11,613,511, 11,926,584, 11,744,816, 12,398,087, 12,404,227, and 10,912,751.

25.     This Court also has personal jurisdiction over Renata because, among other things, this action arises from Renata's actions directed toward New Jersey, and because, upon information and belief, Renata has purposefully availed itself of the rights and benefits of New Jersey law by engaging in systematic and continuous contacts with New Jersey, including by, among other things (1) intentionally marketing and providing its generic pharmaceutical products to residents of New Jersey, (2) enjoying substantial income from New Jersey; and (3) working in concert to develop and market pharmaceutical products, including in New Jersey, with its partners Somerset Therapeutics and Somerset Pharma. Renata has therefore purposely availed itself of the benefits and protections of New Jersey's laws such that it should reasonably anticipate being haled into court here.

26.     In addition, this Court has personal jurisdiction over Renata because, among other things, upon information and belief, (1) Renata filed its ANDA for the purpose of seeking approval to engage in the commercial manufacture, use, sale, or offer for sale of the Renata ANDA Product

in the United States, including in New Jersey, and (2) upon approval of ANDA No. 221169, Renata will market, distribute, offer for sale, sell, and/or import the Renata ANDA Product in the United States, including in New Jersey, and will derive substantial revenue from the use or consumption of the Renata ANDA Product in New Jersey. Upon information and belief, upon approval of ANDA No. 221169, the Renata ANDA Product will, among other things, be marketed, distributed, offered for sale, sold, and/or imported in New Jersey; prescribed by physicians practicing in New Jersey; dispensed by pharmacies located within New Jersey; and/or used by patients in New Jersey, all of which would have substantial effects on New Jersey and lead to foreseeable harm and injury to Esperion.

27.    Based on the foregoing systematic and continuous contacts with New Jersey, Renata is subject to specific personal jurisdiction in New Jersey.

28.    Upon information and belief, Renata's contacts with other states of the United States are no greater than its contacts with New Jersey. Therefore, to the extent Renata denies that this Court has personal jurisdiction over it because of its systematic and continuous contacts with New Jersey, this Court also has personal jurisdiction over Renata pursuant to Federal Rule of Civil Procedure 4(k)(2)(A) because Renata is not subject to the general jurisdiction of the courts of any state, and based on its contacts with the United States as a whole.

29.    This Court has personal jurisdiction over Somerset Therapeutics because, upon information and belief, Somerset Therapeutics is a corporation with its principal place of business in New Jersey and is qualified to do business in New Jersey.

30.    In view of the foregoing, Somerset Therapeutics is subject to general personal jurisdiction in New Jersey.

31.    This Court has personal jurisdiction over Somerset Pharma because, upon information and belief, Somerset Pharma is a corporation with its principal place of business in New Jersey and is qualified to do business in New Jersey.

32.    In view of the foregoing, Somerset Pharma is subject to general personal jurisdiction in New Jersey.

33.    For at least the above reasons, and for other reasons that will be presented to the Court if jurisdiction is challenged, it would not be unfair or unreasonable for Renata, Somerset Therapeutics, and Somerset Pharma to litigate this action in this Court, and Renata, Somerset Therapeutics, and Somerset Pharma are subject to personal jurisdiction in New Jersey.

34.    Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b). *In re HTC Corp.*, 889 F.3d 1349, 1354 (Fed. Cir. 2018).

35.    Venue is proper in this Court as to Renata under 28 U.S.C. §§ 1391(b) and (c), and 1400(b), because, upon information and belief, Renata is a corporation organized under the laws of Bangladesh, is not a resident of the United States, and thus may be sued in any jurisdiction. 28 U.S.C. §§ 1391(c)(3); *HTC*, 889 F.3d at 1354.

36.    Venue is also proper in this Court as to Renata because Renata has a regular and established place of business in New Jersey at least because, upon information and belief, it: (1) has sought approval from the FDA to market and sell the proposed generic NEXLIZET® product in New Jersey; and (2) has engaged in regular and established business contacts with New Jersey by, among other things, marketing, making, shipping, using, offering to sell or selling pharmaceutical products in New Jersey, and deriving substantial revenue from such activities.

37.    Venue is proper in this Court as to Somerset Therapeutics under 28 U.S.C. § 1400(b) because it is a corporation with its regular and established principal place of business in New Jersey, is subject to personal jurisdiction in this Court, as set forth above, has committed acts of

infringement, and, upon information and belief, will commit further acts of infringement in New Jersey.

38.    Venue is proper in this Court as to Somerset Pharma under 28 U.S.C. § 1400(b) because it is a corporation with its regular and established principal place of business in New Jersey, is subject to personal jurisdiction in this Court, as set forth above, has committed acts of infringement, and, upon information and belief, will commit further acts of infringement in New Jersey.

## THE PATENTS-IN-SUIT

39.    U.S. Patent No. 11,760,714 (the "'714 Patent"), entitled "Methods of Making Bempedoic Acid and Compositions of the Same," was duly and legally issued on September 19, 2023. A true and correct copy of the '714 Patent is attached hereto as "Exhibit A."

40.    Esperion is the assignee of, and holds all rights, title, and interest in the '714 Patent.

41.    The '714 Patent currently expires on June 19, 2040.

42.    U.S. Patent No. 11,613,511 (the "'511 Patent"), entitled "Methods of Making Bempedoic Acid and Compositions of the Same," was duly and legally issued on March 28, 2023. A true and correct copy of the '511 Patent is attached hereto as "Exhibit B."

43.    Esperion is the assignee of, and holds all rights, title, and interest in the '511 Patent.

44.    The '511 Patent currently expires on June 19, 2040.

45.    U.S. Patent No. 11,926,584 (the "'584 Patent"), entitled "Methods of Making Bempedoic Acid and Compositions of the Same," was duly and legally issued on March 12, 2024. A true and correct copy of the '584 Patent is attached hereto as "Exhibit C."

46.    Esperion is the assignee of, and holds all rights, title, and interest in the '584 Patent.

47.    The '584 Patent currently expires on June 19, 2040.

48.     U.S. Patent No. 11,744,816 (the "'816 Patent"), entitled "Fixed Dose Combinations and Formulations Comprising ETC1002 and Ezetimibe and Methods of Treating or Reducing the Risk of Cardiovascular Disease," was duly and legally issued on September 5, 2023. A true and correct copy of the '816 Patent is attached hereto as "Exhibit D."

49.     Esperion is the assignee of, and holds all rights, title, and interest in the '816 Patent.

50.     The '816 Patent currently expires on March 14, 2036.

51.     U.S. Patent No. 12,398,087 (the "'087 Patent"), entitled "Methods of Making Bempedoic Acid and Compositions of the Same," was duly and legally issued on August 26, 2025. A true and correct copy of the '087 Patent is attached hereto as "Exhibit E."

52.     Esperion is the assignee of, and holds all rights, title, and interest in the '087 Patent.

53.     The '087 Patent currently expires on June 19, 2040.

54.     U.S. Patent No. 12,404,227 (the "'227 Patent"), entitled "Methods of Making Bempedoic Acid and Compositions of the Same," was duly and legally issued on September 2, 2025. A true and correct copy of the '227 Patent is attached hereto as "Exhibit F."

55.     Esperion is the assignee of, and holds all rights, title, and interest in the '227 Patent.

56.     The '227 Patent currently expires on June 19, 2040.

57.     U.S. Patent No. 10,912,751 (the "'751 Patent"), entitled "Fixed Dose Combinations and Formulations Comprising ETC1002 and Ezetimibe and Methods of Treating or Reducing the Risk of Cardiovascular Disease," was duly and legally issued on February 9, 2021. A true and correct copy of the '751 Patent is attached hereto as "Exhibit G."

58.     Esperion is the assignee of, and holds all rights, title, and interest in the '751 Patent.

59.     The '751 Patent currently expires on March 14, 2036.

60.     All claims of the '714, '511, '584,'816, '087, '227, and '751 Patents are valid, enforceable, and not expired.

## ESPERION'S NEXLIZET® PRODUCT

61.     Esperion is a research-driven pharmaceutical company that discovers, develops, manufactures, and markets life-saving pharmaceutical products, including NEXLETOL® and NEXLIZET®.

62.     Esperion is the holder of NDA No. 211617, which was approved by the FDA on February 26, 2020, for the marketing and sale of a combined bempedoic acid and ezetimibe product in the United States under the trade name "NEXLIZET®." Esperion sells NEXLIZET® in the United States pursuant to NDA No. 211617.

63.     NEXLIZET® is a combination of bempedoic acid, an adenosine triphosphate citrate lyase (ACL) inhibitor, and ezetimibe, a dietary cholesterol absorption inhibitor, indicated as an adjunct to diet, alone or in combination with other low-density lipoprotein cholesterol (LDL-C) lowering therapies, to reduce LDL-C in adults with primary hyperlipidemia, including heterozygous familial hypercholesterolemia (HeFH). The bempedoic acid component of NEXLIZET® is indicated to reduce the risk of myocardial infarction and coronary revascularization in adults who are unable to take recommended statin therapy (including those not taking a statin) with (1) established cardiovascular disease (CVD), or (2) a high risk for a CVD event but without established CVD.

64.     Bempedoic acid, one of the active pharmaceutical ingredients in NEXLIZET®, has the chemical name 8-hydroxy-2,2,14,14-tetramethyl-pentadecanedioic acid and has the following chemical structure:

65.    Ezetimibe, the other active pharmaceutical ingredient in NEXLIZET®, has the chemical name 1-(4-fluorophenyl)-3(R)-[3-(4-fluorophenyl)-3(S)-hydroxypropyl]-4(S)-(4-hydroxyphenyl)-2-azetidinone.

66.    The claims of the '714, '511, '584, '816, '087, '227, and '751 Patents cover NEXLIZET®.

67.    The '714, '511, '584, '816, '087, '227, and '751 Patents have been listed in connection with NEXLIZET® in the FDA's publication, *Approved Drug Products with Therapeutic Equivalence Evaluations*, referred to as the "Orange Book."

## THE RENATA ANDA PRODUCT

68.    By letter dated January 20, 2026, and received by Esperion via Federal Express no earlier than on January 21, 2026 (the "Notice Letter"), Renata notified Esperion that Renata had submitted ANDA No. 221169 to the FDA for a generic version of NEXLIZET®.

69.    Renata's Notice Letter states that Renata seeks approval from the FDA to engage in the commercial manufacture, use, and/or sale of the Renata ANDA Product before the expiration of the '714, '511, '584, '816, '087, '227, and '751 Patents. Upon information and belief, Renata intends to – directly or indirectly – engage in the commercial manufacture, use, and/or sale of the Renata ANDA Product promptly upon receiving FDA approval to do so.

70.    By submitting ANDA No. 221169, Renata has represented to the FDA that the Renata ANDA Product has the same active ingredient, dosage form, and strength as NEXLIZET® and is bioequivalent to NEXLIZET®.

71.    In Renata's Notice Letter, Renata stated that ANDA No. 221169 includes a Paragraph IV Certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) with respect to the '714, '511, '584, '816, '087, '227, and '751 Patents. Renta also contended that the '714, '511, '584, '816,

'087, '227, and '751 Patents are invalid, unenforceable and/or will not be infringed by commercial manufacture, use, and/or sale of the Renata ANDA Product.

72.    Upon information and belief, Defendants had knowledge of the '714, '511, '584, '816, '087, '227, and '751 Patents at least when it submitted ANDA No. 221169 to the FDA.

73.    Upon information and belief, Defendants intend to engage in the manufacture, use, offer for sale, sale, and/or importation of the Renata ANDA Product immediately and imminently upon approval of ANDA No. 221169 and prior to the expiration of the '714, '511, '584, '816, '087, '227, and '751 Patents.

74.    On or about January 20, 2026, Renata included in its Notice Letter an Offer of Confidential Access.  The parties reached agreement on terms of the Offer of Confidential Access on March 3, 2026.  Renata failed to produce any portion of ANDA No. 221169 in advance of the filing of this Complaint.

75.    This action was filed before the expiration of the forty-five days from the date of Esperion's receipt of Renata's Notice Letter.

### COUNT I: INFRINGEMENT OF U.S. PATENT NO. 11,760,714

76.    Esperion incorporates each of the preceding paragraphs 1-75 as if fully set forth herein.

77.    Claim 1 of the '714 Patent requires a pharmaceutical composition, comprising: a pharmaceutical material comprising a crystalline form of the compound of formula (V):



or a pharmaceutically acceptable salt thereof; wherein the pharmaceutical material comprises the compound of formula (V), or a pharmaceutically acceptable salt thereof, in an amount greater than

98% by weight based on the total weight of the pharmaceutical material, and the pharmaceutical material comprises 0.0001 % to less than or equal to 0.15% of a compound of formula (VI):



and a pharmaceutically acceptable excipient.

78.    Renata's submission of ANDA No. 221169 to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Renata ANDA Product before the expiration of the '714 Patent constituted an act of infringement of the claims of the '714 Patent under 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents.

79.    Upon information and belief, Somerset's involvement in the submission and maintenance of ANDA No. 221169 to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Renata ANDA Product before the expiration of the '714 Patent constituted an act of infringement of the claims of the '714 Patent under 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents.

80.    Defendants' commercial manufacture, use, offer for sale, sale, and/or importation of the Renata ANDA Product prior to expiration of the '714 Patent, and Defendants' inducement of and/or contribution to such conduct, would further infringe at least claim 1 of the '714 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), (b), and/or (c).

81.    Upon information and belief, upon FDA approval of ANDA No. 221169, Defendants intend to, and will, infringe at least claim 1 of the '714 Patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing the Renata ANDA Product, unless enjoined by the Court.

82.    Upon information and belief, by virtue of its listing in the Orange Book and identification in the Notice Letter, Defendants have knowledge of the '714 Patent and knowledge that the making, using, offering to sell, selling, and/or importing of the Renata ANDA Product prior to the expiration of the '714 Patent will infringe the '714 Patent.

83.    Upon information and belief, Defendants intend to, and will, actively induce infringement of at least claim 1 of the '714 Patent under 35 U.S.C. § 271(b) when ANDA No. 221169 is approved by marketing the Renata ANDA Product and encouraging doctors and patients to infringe the '714 Patent, unless enjoined by the Court.

84.    Upon information and belief, Defendants intend to, and will, contribute to infringement of at least claim 1 of the '714 Patent under 35 U.S.C. § 271(c) when ANDA No. 221169 is approved, unless enjoined by the Court, because Defendants know that the Renata ANDA Product is especially made or adapted for use in infringing the '714 Patent, and that the Renata ANDA Product is not suitable for substantial noninfringing use.

85.    Defendants' infringement is imminent because, among other things, Defendants have notified Esperion of the submission of their ANDA seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Renata ANDA Product before the expiration of the '714 Patent.

86.    Thus, a substantial and justiciable controversy exists between the parties hereto as to the infringement of the '714 Patent.

87.    Pursuant to 28 U.S.C. § 2201, Esperion is entitled to a declaratory judgment that Defendants' making, using, offering to sell, selling, and/or importing the Renata ANDA Product, inducement thereof or contribution thereto, prior to the expiration of the '714 Patent will infringe the '714 Patent, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. §§ 271(a), (b), and/or (c).

88.     Unless Defendants are enjoined from directly or indirectly infringing the '714 Patent, Esperion will suffer substantial and irreparable harm for which Esperion has no adequate remedy at law.

### COUNT II: INFRINGEMENT OF U.S. PATENT NO. 11,613,511

89.     Esperion incorporates each of the preceding paragraphs 1-88 as if fully set forth herein.

90.     Claim 1 of the '511 Patent requires a pharmaceutical material comprising a crystalline form of the compound of formula (V):



or a pharmaceutically acceptable salt thereof; wherein the pharmaceutical material comprises the compound of formula (V), or a pharmaceutically acceptable salt thereof, in an amount greater than 99.0% by weight based on the total weight of the pharmaceutical material, the pharmaceutical material comprises 0.0001 % to less than or equal to 0.15% of a compound of formula (VI):



and the crystalline form of the compound of formula (V) exhibits an X-ray powder diffraction pattern comprising peaks at the following diffraction angles ($2\theta$): $10.3\pm0.2$, $10.4\pm0.2$, $17.9\pm0.2$, $18.8\pm0.2$, $19.5\pm0.2$, and $20.7\pm0.2$.

91.     Renata's submission of ANDA No. 221169 to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Renata ANDA Product before the expiration of the '511 Patent constituted an act of infringement of the claims of the '511 Patent under 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents.

92.    Upon information and belief, Somerset's involvement in the submission and maintenance of ANDA No. 221169 to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Renata ANDA Product before the expiration of the '511 Patent constituted an act of infringement of the claims of the '511 Patent under 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents.

93.    Defendants' commercial manufacture, use, offer for sale, sale, and/or importation of the Renata ANDA Product prior to expiration of the '511 Patent, and Defendants' inducement of and/or contribution to such conduct, would further infringe at least claim 1 of the '511 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), (b), and/or (c).

94.    Upon information and belief, upon FDA approval of ANDA No. 221169, Defendants intend to, and will, infringe at least claim 1 of the '511 Patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing the Renata ANDA Product, unless enjoined by the Court.

95.    Upon information and belief, by virtue of its listing in the Orange Book and identification in the Notice Letter, Defendants have knowledge of the '511 Patent and knowledge that the making, using, offering to sell, selling, and/or importing of the Renata ANDA Product prior to the expiration of the '511 Patent will infringe the '511 Patent.

96.    Upon information and belief, Defendants intend to, and will, actively induce infringement of at least claim 1 of the '511 Patent under 35 U.S.C. § 271(b) when ANDA No. 221169 is approved by marketing the Renata ANDA Product and encouraging doctors and patients to infringe the '511 Patent, unless enjoined by the Court.

97.    Upon information and belief, Defendants intend to, and will, contribute to infringement of at least claim 1 of the '511 Patent under 35 U.S.C. § 271(c) when ANDA No. 221169 is approved, unless enjoined by the Court, because Defendants know that the Renata

ANDA Product is especially made or adapted for use in infringing the '511 Patent, and that the Renata ANDA Product is not suitable for substantial noninfringing use.

98.     Thus, a substantial and justiciable controversy exists between the parties hereto as to the infringement of the '511 Patent.

99.     Pursuant to 28 U.S.C. § 2201, Esperion is entitled to a declaratory judgment that Defendants' making, using, offering to sell, selling, and/or importing the Renata ANDA Product, inducement thereof or contribution thereto, prior to the expiration of the '511 Patent will infringe the '511 Patent, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. §§ 271(a), (b), and/or (c).

100.    Unless Defendants are enjoined from directly or indirectly infringing the '511 Patent, Esperion will suffer substantial and irreparable harm for which Esperion has no adequate remedy at law.

## COUNT III: INFRINGEMENT OF U.S. PATENT NO. 11,926,584

101.    Esperion incorporates each of the preceding paragraphs 1-100 as if fully set forth herein.

102.    Claim 1 of the '584 Patent claims a method of lowering low-density lipoprotein cholesterol (LDL-C) in a human in need thereof comprising administering to the human a therapeutically effective amount of a pharmaceutical material comprising a crystalline form of the compound of formula (V):



or a pharmaceutically acceptable salt thereof; wherein the pharmaceutical material comprises the compound of formula (V), or a pharmaceutically acceptable salt thereof, in an amount greater than

99.0% by weight based on the total weight of the pharmaceutical material, and the pharmaceutical material comprises 0.0001 % to less than or equal to 0.15% of a compound of formula (VI):



103.    Renata's submission of ANDA No. 221169 to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Renata ANDA Product before the expiration of the '584 Patent constituted an act of infringement of the claims of the '584 Patent under 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents.

104.    Upon information and belief, Somerset's involvement in the submission and maintenance of ANDA No. 221169 to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Renata ANDA Product before the expiration of the '584 Patent constituted an act of infringement of the claims of the '584 Patent under 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents.

105.    Defendants' commercial manufacture, use, offer for sale, sale, and/or importation of the Renata ANDA Product prior to expiration of the '584 Patent, and Defendants' inducement of and/or contribution to such conduct, would further infringe at least claim 1 of the '584 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271 (b), and/or (c).

106.    Upon information and belief, upon FDA approval of ANDA No. 221169, Defendants will infringe at least claim 1 of the '584 Patent by making, using, offering to sell, and selling the Renata ANDA Product in the United States and/or importing said product into the United States, and/or by actively inducing or contributing to infringement of the '584 Patent by others, under at least 35 U.S.C. §§ 271(b) and/or (c), unless enjoined by the Court.

107.    Upon information and belief, Defendants specifically intend to, and will, actively induce infringement of at least claim 1 of the '584 Patent under 35 U.S.C. § 271(b) when ANDA

No. 19257 is approved by marketing the Renata ANDA Product and encouraging patients, medical practitioners, and/or other third parties to infringe at least claim 1 the '584 Patent, unless enjoined by the Court.

108.    Upon information and belief, ANDA No. 221169 includes a proposed package insert with directions that instruct patients, medical practitioners, and/or other third parties to administer and/or to prescribe the Renata ANDA Product.

109.    Upon information and belief, upon FDA approval of ANDA No. 221169, Defendants intend to, and will, engage in the commercial making, using, offering to sell, selling, and/or importing the Renata ANDA Product, unless enjoined by the Court, and the Renata ANDA Product will be administered by patients, medical practitioners, and/or other third parties in the United States according to the directions and instructions in the proposed package insert.

110.    Upon information and belief, the proposed package insert will include a method of lowering low-density lipoprotein cholesterol (LDL-C) in a human in need thereof comprising administering to the human a therapeutically effective amount of a pharmaceutical material comprising a crystalline form of the compound of formula (V):



(V)

or a pharmaceutically acceptable salt thereof; wherein the pharmaceutical material comprises the compound of formula (V), or a pharmaceutically acceptable salt thereof, in an amount greater than 99.0% by weight based on the total weight of the pharmaceutical material, and the pharmaceutical material comprises 0.0001 % to less than or equal to 0.15% of a compound of formula (VI):



(VI)

111.    Upon information and belief, the use of the Renata ANDA Product by patients, medical practitioners, and/or other third parties according to the proposed package insert will constitute an act of direct infringement by those patients, medical practitioners, and/or other third parties of at least claim 1 of the '584 patent, under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents.

112.    Upon information and belief, Defendants specifically intend to, and will, actively induce infringement of at least claim 1 of the '584 Patent under 35 U.S.C. § 271(b) when ANDA No. 221169 is approved by marketing the Renata ANDA Product and encouraging patients, medical practitioners, and/or other third parties to infringe at least claim 1 the '584 Patent, unless enjoined by the Court.

113.    Upon information and belief, by virtue of its listing in the Orange Book and identification in the Notice Letter, Defendants have knowledge of the '584 Patent and knowledge that making, using, offering to sell, selling, and/or importing of the Renata ANDA Product prior to the expiration of the '584 Patent will infringe the '584 Patent.

114.    Upon information and belief, Defendants are aware, have knowledge, and/or are willfully blind to the fact that patients, medical practitioners, and/or other third parties will administer and/or prescribe, the Renata ANDA Product at least according to the proposed package insert and, therefore, will directly infringe at least claim 1 of the '584 Patent.

115.    Upon information and belief, Defendants intend to, and will, contribute to infringement of at least claim 1 of the '584 Patent under 35 U.S.C. § 271(c) when ANDA No. 221169 is approved, unless enjoined by the Court, because Defendants know that the Renata ANDA Product is especially made or adapted for use in infringing the '584 Patent, and that the Renata ANDA Product is not suitable for substantial noninfringing use.

116.    Thus, a substantial and justiciable controversy exists between the parties hereto as to the infringement of the '584 Patent.

117.    Pursuant to 28 U.S.C. § 2201, Esperion is entitled to a declaratory judgment that Defendants' making, using, offering to sell, selling, and/or importing the Renata ANDA Product, inducement thereof or contribution thereto, prior to the expiration of the '584 Patent will infringe the '584 Patent, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. §§ 271(b) and/or (c).

118.    Unless Defendants are enjoined from directly or indirectly infringing the '584 Patent, Esperion will suffer substantial and irreparable harm for which Esperion has no adequate remedy at law.

## COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 11,744,816

119.    Esperion incorporates each of the preceding paragraphs 1-118 as if fully set forth herein.

120.    Claim 1 of the '816 Patent claims a method of lowering LDL-C in a subject in need thereof, the method comprising administering 180 mg 8-hydroxy-2,2,14,14-tetramethylpentadecanedioic acid and 10 mg ezetimibe to the subject, wherein the subject has familial hypercholesterolemia.

121.    Upon information and belief, the ANDA Product contains 180 mg of 8-hydroxy-2,2,14,14-tetramethylpentadecanedioic acid and 10 mg ezetimibe.

122.    Renata's submission of ANDA No. 221169 to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Renata ANDA Product before the expiration of the '816 Patent constituted an act of infringement of the claims of the '816 Patent under 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents.

123.    Upon information and belief, Somerset's involvement in the submission and maintenance of ANDA No. 221169 to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Renata ANDA Product before the expiration of the '816 Patent constituted an act of infringement of the claims of the '816 Patent under 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents.

124.    Defendants' commercial manufacture, use, offer for sale, sale, and/or importation of the Renata ANDA Product prior to expiration of the '816 Patent, and Defendants' inducement of and/or contribution to such conduct, would further infringe at least claim 1 of the '816 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. §§ 271(b), and/or (c).

125.    Upon information and belief, upon FDA approval of ANDA No. 221169, Defendants will infringe at least claim 1 of the '816 Patent by making, using, offering to sell, and selling the Renata ANDA Product in the United States and/or importing said product into the United States, and/or by actively inducing or contributing to infringement of the '816 Patent by others, under at least 35 U.S.C. §§ 271(b) and/or (c), unless enjoined by the Court.

126.    Upon information and belief, Defendants specifically intend to, and will, actively induce infringement of at least claim 1 of the '816 Patent under 35 U.S.C. § 271(b) when ANDA No. 221169 is approved by marketing the Renata ANDA Product and encouraging patients, medical practitioners, and/or other third parties to infringe at least claim 1 the '816 Patent, unless enjoined by the Court.

127.    Upon information and belief, ANDA No. 221169 includes a proposed package insert with directions that instruct patients, medical practitioners, and/or other third parties to administer and/or to prescribe the Renata ANDA Product.

128.    Upon information and belief, upon FDA approval of ANDA No. 221169, Defendants intend to, and will, engage in the commercial making, using, offering to sell, selling,

and/or importing the Renata ANDA Product, unless enjoined by the Court, and the Renata ANDA Product will be administered by patients, medical practitioners, and/or other third parties in the United States according to the directions and instructions in the proposed package insert.

129.    Upon information and belief, the proposed package insert will include a method of lowering LDL-C in a subject in need thereof, the method comprising administering 180 mg 8-hydroxy-2,2,14,14-tetramethylpentadecanedioic acid and 10 mg Ezetimibe to the subject, wherein the subject has familial hypercholesterolemia.

130.    Upon information and belief, the use of the Renata ANDA Product by patients, medical practitioners, and/or other third parties according to the proposed package insert will constitute an act of direct infringement by those patients, medical practitioners, and/or other third parties of at least claim 1 of the '816 Patent, under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents.

131.    Upon information and belief, by virtue of its listing in the Orange Book and identification in the Notice Letter, Defendants have knowledge of the '816 Patent and knowledge that making, using, offering to sell, selling, and/or importing of the Renata ANDA Product prior to the expiration of the '816 Patent will infringe the '816 Patent.

132.    Upon information and belief, Defendants are aware, have knowledge, and/or are willfully blind to the fact that patients, medical practitioners, and/or other third parties will administer and/or prescribe, the Renata ANDA Product at least according to the proposed package insert and, therefore, will directly infringe at least claim 1 of the '816 Patent.

133.    Upon information and belief, Defendants intend to, and will, contribute to infringement of at least claim 1 of the '816 Patent under 35 U.S.C. § 271(c) when ANDA No. 221169 is approved, unless enjoined by the Court, because Defendants know that the Renata

ANDA Product is especially made or adapted for use in infringing the '816 Patent, and that the Renata ANDA Product is not suitable for substantial noninfringing use.

134.    Thus, a substantial and justiciable controversy exists between the parties hereto as to the infringement of the '816 Patent.

135.    Pursuant to 28 U.S.C. § 2201, Esperion is entitled to a declaratory judgment that Defendants' making, using, offering to sell, selling, and/or importing the Renata ANDA Product, inducement thereof or contribution thereto, prior to the expiration of the '816 Patent will infringe the '816 Patent, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. §§ 271(a), (b), and/or (c).

136.    Unless Defendants are enjoined from directly or indirectly infringing the '816 Patent, Esperion will suffer substantial and irreparable harm for which Esperion has no adequate remedy at law.

### COUNT V: INFRINGEMENT OF U.S. PATENT NO. 12,398,087

137.    Esperion incorporates each of the preceding paragraphs 1-136 as if fully set forth herein.

138.    Claim 1 of the '087 Patent requires a pharmaceutical material comprising a compound of formula (V):



wherein the pharmaceutical material comprises the compound of formula (V) in an amount greater than 98% by weight based on the total weight of the pharmaceutical material and the pharmaceutical material comprises 0.001 % to 0.15% of a compound of formula (VI):

or a pharmaceutically acceptable salt thereof, based on the total weight of the pharmaceutical material.

139.    Renata's submission of ANDA No. 221169 to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Renata ANDA Product before the expiration of the '087 Patent constituted an act of infringement of the claims of the '087 Patent under 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents.

140.    Upon information and belief, Somerset's involvement in the submission and maintenance of ANDA No. 221169 to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Renata ANDA Product before the expiration of the '087 Patent constituted an act of infringement of the claims of the '087 Patent under 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents.

141.    Defendants' commercial manufacture, use, offer for sale, sale, and/or importation of the Renata ANDA Product prior to expiration of the '087 Patent, and Defendants' inducement of and/or contribution to such conduct, would further infringe at least claim 1 of the '087 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), (b), and/or (c).

142.    Upon information and belief, upon FDA approval of ANDA No. 221169, Defendants intend to, and will, infringe at least claim 1 of the '087 Patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing the Renata ANDA Product, unless enjoined by the Court.

143.    Upon information and belief, by virtue of its listing in the Orange Book, Defendants have knowledge of the '087 Patent and knowledge that the making, using, offering to sell, selling, and/or importing of the Renata ANDA Product prior to the expiration of the '087 Patent will infringe the '087 Patent.

144.    Upon information and belief, Defendants intend to, and will, actively induce infringement of at least claim 1 of the '087 Patent under 35 U.S.C. § 271(b) when ANDA No. 221169 is approved by marketing the Renata ANDA Product and encouraging doctors and patients to infringe the '087 Patent, unless enjoined by the Court.

145.    Upon information and belief, Defendants intend to, and will, contribute to infringement of at least claim 1 of the '087 Patent under 35 U.S.C. § 271(c) when ANDA No. 221169 is approved, unless enjoined by the Court, because Defendants know that the Renata ANDA Product is especially made or adapted for use in infringing the '087 Patent, and that the Renata ANDA Product is not suitable for substantial noninfringing use.

146.    Defendants' infringement is imminent because, among other things, Defendants have notified Esperion of the submission of their ANDA seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Renata ANDA Product before the expiration of the '087 Patent.

147.    Thus, a substantial and justiciable controversy exists between the parties hereto as to the infringement of the '087 Patent.

148.    Pursuant to 28 U.S.C. § 2201, Esperion is entitled to a declaratory judgment that Defendants' making, using, offering to sell, selling, and/or importing the Renata ANDA Product, inducement thereof or contribution thereto, prior to the expiration of the '087 Patent will infringe the '087 Patent, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. §§ 271(a), (b), and/or (c).

149.    Unless Defendants are enjoined from directly or indirectly infringing the '087 Patent, Esperion will suffer substantial and irreparable harm for which Esperion has no adequate remedy at law.

## COUNT VI: INFRINGEMENT OF U.S. PATENT NO. 12,404,227

150.    Esperion incorporates each of the preceding paragraphs 1-149 as if fully set forth herein.

151.    Claim 1 of the '227 Patent requires a pharmaceutical material comprising a crystalline form of the compound of formula (V):



or a pharmaceutically acceptable salt thereof; wherein the pharmaceutical material comprises the compound of formula (V), or a pharmaceutically acceptable salt thereof, in an amount greater than 99.0% by weight based on the total weight of the pharmaceutical material; and the pharmaceutical material comprises 0.0001% to 0.15%



or a pharmaceutically acceptable salt thereof, based on the total weight of the pharmaceutical material.

152.    Renata's submission of ANDA No. 221169 to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Renata ANDA Product before the expiration of the '227 Patent constituted an act of infringement of the claims of the '227 Patent under 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents.

153.    Upon information and belief, Somerset's involvement in the submission and maintenance of ANDA No. 221169 to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Renata ANDA Product before the expiration of

the '227 Patent constituted an act of infringement of the claims of the '227 Patent under 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents.

154.    Defendants' commercial manufacture, use, offer for sale, sale, and/or importation of the Renata ANDA Product prior to expiration of the '227 Patent, and Defendants' inducement of and/or contribution to such conduct, would further infringe at least claim 1 of the '227 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), (b), and/or (c).

155.    Upon information and belief, upon FDA approval of ANDA No. 221169, Defendants intend to, and will, infringe at least claim 1 of the '227 Patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing the Renata ANDA Product, unless enjoined by the Court.

156.    Upon information and belief, by virtue of its listing in the Orange Book, Defendants have knowledge of the '227 Patent and knowledge that the making, using, offering to sell, selling, and/or importing of the Renata ANDA Product prior to the expiration of the '227 Patent will infringe the '227 Patent.

157.    Upon information and belief, Defendants intend to, and will, actively induce infringement of at least claim 1 of the '227 Patent under 35 U.S.C. § 271(b) when ANDA No. 221169 is approved by marketing the Renata ANDA Product and encouraging doctors and patients to infringe the '227 Patent, unless enjoined by the Court.

158.    Upon information and belief, Defendants intend to, and will, contribute to infringement of at least claim 1 of the '227 Patent under 35 U.S.C. § 271(c) when ANDA No. 221169 is approved, unless enjoined by the Court, because Defendants know that the Renata ANDA Product is especially made or adapted for use in infringing the '227 Patent, and that the Renata ANDA Product is not suitable for substantial noninfringing use.

159.    Defendants' infringement is imminent because, among other things, Defendants have notified Esperion of the submission of their ANDA seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Renata ANDA Product before the expiration of the '227 Patent.

160.    Thus, a substantial and justiciable controversy exists between the parties hereto as to the infringement of the '227 Patent.

161.    Pursuant to 28 U.S.C. § 2201, Esperion is entitled to a declaratory judgment that Defendants' making, using, offering to sell, selling, and/or importing the Renata ANDA Product, inducement thereof or contribution thereto, prior to the expiration of the '227 Patent will infringe the '227 Patent, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. §§ 271(a), (b), and/or (c).

162.    Unless Defendants are enjoined from directly or indirectly infringing the '227 Patent, Esperion will suffer substantial and irreparable harm for which Esperion has no adequate remedy at law.

## COUNT VII: INFRINGEMENT OF U.S. PATENT NO. 10,912,751

163.    Esperion incorporates each of the proceeding paragraphs 1-162 as if fully set forth herein.

164.    Claim 1 of the '751 Patent claims a method of treating familial hypercholesterolemia in a subject in need thereof, the method comprising administering a fixed-dosed combination of 8-hydroxy-2,2,14,14-tetramethylpentadecanedioic acid and ezetimibe to the subject, wherein the fixed-dose combination comprises a fixed 180 milligram (mg) dose of 8-hydroxy-2,2,14,14-tetramethylpentadecanedioic acid and a fixed 10 milligram (mg) does of ezetimibe.

165.    Renata's submission of ANDA No. 221169 to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Renata ANDA Product

before the expiration of the '751 Patent constituted an act of infringement of the claims of the '751 Patent under 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents.

166.    Upon information and belief, Somerset's involvement in the submission and maintenance of ANDA No. 221169 to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Renata ANDA Product before the expiration of the '751 Patent constituted an act of infringement of the claims of the '751 Patent under 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents.

167.    Defendants' commercial manufacture, use, offer for sale, sale, and/or importation of the Renata ANDA Product prior to the expiration of the '751 Patent, and Defendants' inducement of and/or contribution to such conduct, would further infringe at least claim 1 of the '751 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. §§ 271(b), and/or (c).

168.    Upon information and belief, upon FDA approval of Renata's ANDA No. 221169, Defendants will infringe at least claim 1 of the '751 Patent by making, using, offering to sell, and selling the Renata ANDA Product in the United States and/or importing said product into the United States, and/or by actively inducing or contributing to infringement of the '751 Patent by others, under at least 35 U.S.C. §§ 271(b) and/or (c), unless enjoined by the Court.

169.    Upon information and belief, Defendants specifically intend to, and will, actively induce infringement of at least claim 1 of the '751 Patent under 35 U.S.C. § 271(b) when ANDA No. 221169 is approved by marketing the Renata ANDA Product and encouraging patients, medical practitioners, and/or other third parties to infringe at least claim 1 of the '751 Patent, unless enjoined by the Court.

170.    Upon information and belief, Renata's ANDA No. 221169 includes a proposed package insert with directions that instruct patients, medical practitioners, and/or other third parties to administer and/or to prescribe the Renata ANDA Product.

171.    Upon information and belief, upon FDA approval of ANDA No. 221169, Defendants intend to, and will, engage in the commercial making, using, offering to sell, selling, and/or importing the Renata ANDA Product, unless enjoined by the Court, and the Renata ANDA Product will be administered by patients, medical practitioners, and/or other third parties in the United States according to the directions and instructions in the proposed package insert.

172.    On information and belief, the proposed package insert will include a method of treating familial hypercholesterolemia in a subject in need thereof, the method comprising administrating a fixed-dosed combination of 8-hydroxy-2,2,14,4-tetramethylpentacanedioic acid and Ezetimibe to the subject, wherein the fixed-dose combination comprises a fixed 180 milligram (mg) dose of 8-hydroxy-2,2,14,4-tetramethylpentacanedioic acid and a fixed 10 milligram (mg) dose of Ezetimibe.

173.    Upon information and belief, the use of the Renata ANDA Product by patients, medical practitioners, and/or other third parties according to the proposed package insert will constitute an act of direct infringement by those patients, medical practitioners, and/or other third parties of at least claim 1 of the '751 Patent, under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents.

174.    Upon information and belief, by virtue of its listing in the Orange Book and identification in Renata's Notice Letter, Defendants have knowledge of the '751 Patent and knowledge that the making, using, offering to sell, selling, and/or importing of the Renata ANDA Product prior to the expiration of the '751 Patent will infringe the '751 Patent.

175.    On information and belief, Defendants are aware, have knowledge, and/or are willfully blind to the fact that patients, medical practitioners, and/or other third parties will administer and/or prescribe, the Renata ANDA Product at least according to the proposed package insert and, therefore, will directly infringe at least claim 1 of the '751 Patent.

176.    Upon information and belief, Defendants intend to, and will, contribute to infringement of at least claim 1 of the '751 Patent under 35 U.S.C. § 271(c) when ANDA No. 221169 is approved, unless enjoined by the Court, because Defendants knows that the Renata ANDA Product is especially made or adapted for use in infringing the '751 Patent, and that the Renata ANDA Product is not suitable for substantial noninfringing use.

177.    Thus, a substantial and justiciable controversy exists between the parties hereto as to the infringement of the '751 Patent.

178.    Pursuant to 28 U.S.C. § 2201, Esperion is entitled to a declaratory judgment that Defendants' making, using, offering to sell, selling, and/or importing the Renata ANDA Product, inducement thereof or contribution thereto, prior to the expiration of the '751 Patent will infringe the '751 Patent, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. §§ 271(a), (b), and/or (c).

179.    Unless Defendants are enjoined from directly or indirectly infringing the '751 Patent, Esperion will suffer substantial and irreparable harm for which Esperion has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Esperion asks that this Court grant the following relief:

180.    A judgment that the claims of the '714, '511, '584, '816, '087, '227, and '751 Patents are infringed by Defendants' submission of ANDA No. 221169 under 35 U.S.C. § 271(e)(2)(A);

181.    A declaratory judgment that Defendants' manufacture, use, offer to sell, sale, or importation, including inducement thereof and contribution thereto, of the Renata ANDA Product prior to the expiration of the '714, '511, '584, '816, '087, '227, and '751 Patents, would infringe the '714, '511, '584, '816, '087, '227, and '751 Patents, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), (b), and/or (c);

182.    A judgment that the '714, '511, '584, '816, '087, '227, and '751 Patents are not invalid or unenforceable;

183.    An order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any FDA approval of ANDA No. 221169 shall not be earlier than the expiration of the '714, '511, '584, '816, '087, '227, and '751 Patents, including any extensions and/or additional periods of exclusivity to which Esperion is or becomes entitled;

184.    An order permanently enjoining Defendants, and their affiliates, subsidiaries, and each of their officers, agents, servants and employees and those acting in privity or concert with Defendants, from making, using, offering to sell, selling, or importing the Renata ANDA Product until after the '714, '511, '584, '816, '087, '227, and '751 Patents' expiration, including any extensions and/or additional periods of exclusivity to which Esperion is or becomes entitled;

185.    Damages or other monetary relief, including costs, fees, pre-judgement interest and post-judgment interest to Esperion if Defendants engage in commercial manufacture, use, offers to sell, sale, or importation into the United States of the Renata ANDA Product prior to the expiration of the '714, '511, '584, '816, '087, '227, and '751 Patents, including any extensions and/or additional periods of exclusivity to which Esperion is or becomes entitled;

186.    A declaration that this is an exceptional case and an award of attorneys' fees pursuant to 35 U.S.C. § 285; and

187.    Such further and other relief as this Court deems proper and just.

Dated: March 5, 2026

/s/ Liza M. Walsh

_____

Liza M. Walsh
Katelyn O'Reilly
Jessica K. Formichella
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center,
100 Mulberry Street, 15th Floor
Newark, NJ 07102
(973) 757-1100

OF COUNSEL (*pro hac vice*):

Nicholas K. Mitrokostas
Michael Wiper
WHITE & CASE LLP
75 State Street
Boston, MA 02109
(617) 979-9300

Elizabeth J. Holland
Becky Steephenson
Ryan Curiel
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10020
(212) 819-8200

William G. James
Jenny J. Zhang
Michelle Bone
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, D.C. 20005
(202) 626-3677

*Attorneys for Plaintiff Esperion Therapeutics, Inc.*

## <u>LOCAL RULE 11.2 CERTIFICATION</u>

I hereby certify that, to the best of my knowledge, the matter in controversy is related to the following consolidated actions:

- ***In re Nexletol/Nexlizet ANDA Litigation*, Civil Action No. 2:24-cv-05921-JXN-CF (lead action)**

  o *Esperion Therapeutics, Inc. v. Renata Ltd., et al.*, Civil Action No. 2:24-cv-06-17-JXN-CF

  o *Esperion Therapeutics, Inc. v. Aurobindo Pharma Ltd., et al.*, Civil Action No. 2:24- cv-06348-JXN-CF

  o *Esperion Therapeutics, Inc. v. MSN Pharmaceuticals Inc., et al.*, Civil Action No. 2:24-cv-06386-JXN-CF

  o *Esperion Therapeutics, Inc. v. Sandoz Inc.*, Civil Action No. 2:24-cv-06387-JXN-CF

  o *Esperion Therapeutics, Inc. v. Aurobindo Pharma Ltd., et al.*, Civil Action No. 2:24-cv-09457-JXN-CF

Dated: March 5, 2026

OF COUNSEL (*pro hac vice*):

Nicholas K. Mitrokostas
Michael Wiper
WHITE & CASE LLP
75 State Street
Boston, MA 02109
(617) 979-9300

Elizabeth J. Holland
Becky Steephenson
Ryan Curiel
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10020
(212) 819-8200

William G. James
Jenny J. Zhang
Michelle Bone
WHITE & CASE LLP
1101 New York Avenue, NW
Washington, D.C.

By:  */s/ Liza M. Walsh*
Liza M. Walsh
Katelyn O'Reilly
Jessica K. Formichella
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center,
100 Mulberry Street, 15th Floor
Newark, NJ 07102
(973) 757-1100

(202) 626-3677

*Attorneys for Plaintiff Esperion Therapeutics, Inc.*

## LOCAL RULE 201.1 CERTIFICATION

I hereby certify that the above-captioned matter is not subject to compulsory arbitration in that the Plaintiff seeks, *inter alia*, injunctive relief.

Dated: March 5, 2026

OF COUNSEL:

Nicholas K. Mitrokostas
Michael Wiper
WHITE & CASE LLP LLP
75 State Street
Boston, MA 02109
(617) 979-9300

Elizabeth J. Holland
Becky Steephenson
Ryan Curiel
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10020
(212) 819-4000

William G. James
Jenny J. Zhang
Michelle Bone
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, D.C.
(202) 626-3677

*Attorneys for Plaintiff Esperion Therapeutics, Inc.*

By:  */s/ Liza M. Walsh*
Liza M. Walsh
Katelyn O'Reilly
Jessica K. Formichella
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center,
100 Mulberry Street, 15th Floor
Newark, NJ 07102
(973) 757-1100